```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | No. 20-10228-PBS |
|                                  ) | |
|                   Plaintiff     ) | |
|         v.                       ) | |
|                                  ) | |
| RICARDO ACEVEDO                  ) | |
|                   Defendant.     ) | |
| _____ ) | |

# EMERGENCY MOTION FOR RELIEF FROM CRUEL AND UNUSUAL PRE-TRIAL DETENTION CONDITIONS IN VIOLATION OF THE EIGHTH AMENDMENT[1]

COMES NOW DEFENDANT RICARDO ACEVEDO, by and through his attorney of record, and moves this Honorable Court to *immediately*, and for good cause, address and remedy the cruel and unusual conditions Mr. ACEVEDO is suffering while in pre-trial detention at Plymouth County House of Corrections.

This motion is made on the ground that Mr. ACEVEDO is currently suffering from the deadly Covid-19 Virus and is being detained in a dangerous medically and psychologically adverse living situation, a small double bunked cell with another ill individual, at Plymouth County House of correction that is violative of the Eighth Amendment.

Counsel prefaces this motion with an admission that he is not a medical expert but is basing this motion on not only reports readily available online but also on the client's and family's

---

[1] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

psychological fear of what has occurred at Plymouth House of Correction. Mr. ACEVEDO, respectfully requests the Court to appoint an independent expert to review the Plymouth covid isolation conditions such that will assure the Court that Mr. ACEVEDO's safety and well being will be maintained pending trial.  See Affidavit attached hereto.

Discussion

Double celling covid positive individuals in small cells is contrary to CDC Guidelines, medically dangerous, and psychologically cruel by placing the pre-trial detainee in reasonable fear of death.[2]

Mr. ACEVEDO is reportedly Covid 19 positive and currently housed in Plymouth's quarantine unit, H1. He is reportedly double bunked[3] with another Covid-positive individual.[4]  The H1 housing unit is in violation of floor space requirements of Code of Massachusetts Regulations, 105 CMR 451.321 according to the October

---

[2] As of December 2020 over 1700 individuals have died of covid in state and federal correctional institutions, https://www.pbs.org/newshour/health/1-in-5-prisoners-in-the-us-has-had-covid-19-1700-have-died.

[3] In a bunk-bed...not with any spacing between.

[4] It is unknown what was done by PCHC to determine the positive status or to confirm it. Mr. ACEVEDO has not received any medical evaluation by any doctor.. Only the PCR test.

2019 Inspection Report Massachusetts Department of Health and Human Services[5] for double celling.[6] That unit was also in violation of said provision in 2017 when only single celling was reported. See Exhibits A and B. The full report is available at https://www.mass.gov/lists/2019-correctional-facility-inspection-reports. 105 CMR 451.321 requires that double cells be at least *120 square feet*. See Exhibit C. It is also unknown whether non compliant ventilation issues have been corrected.

CDC Guidelines also appear to require medical isolation for Covid positive patients and that the institution: "[e]nsure that individuals under medical isolation receive regular visits from medical staff and have access to mental health services. The lack of any medical evaluation, two daily checks from a nurse for the entire unit and no access to mental health services can not possibly comply with CDC guidelines. Further, the CDC recommends: that when placing covid 19 positive "cohorts" together, "[u]se one large space for cohorted medical isolation rather than several smaller spaces." See CDC Guidelines, Exhibit D, page 18.[7]

---

[5] This is the last Inspection report publically available for Plymouth County House of Corrections although other facilities were inspected in 2020.

[6] The cell space is believed to be approximately 60 square feet, 10 feet x 6 feet.

[7] Although the Guidelines appear to allow for cohorts to be isolated together, depending on what reports available online one reads from different governmental entities, isolation has a myriad of caveats, from not stopping isolation until all cohorts

The unfortunate, and preventable, deaths that occurred at the Holyoke Soldiers Home are quite telling of the situation that has fallen on Mr. ACEVEDO and other covid-positive pre-trial inmates at PCHC who acquired the deadly covid virus through *no fault of their own*. Although these inmates are not veterans subject to Veteran's Administration rules re: standard of care, the medical requirements remain the same. "Isolation of suspected and confirmed cases is *required* under the standard of care." See The COVID-19 *Outbreak at the Soldiers' Home in Holyoke An Independent Investigation Conducted for the Governor of Massachusetts* June 2020, Pearlstein, Mark at 116 (emphasis added). https://www.mass.gov/doc/report-to-governor-baker-re-holyoke-soldiers-home/download. It is only through isolation from other ill covid positive inmate/patients, along with regular medical attention, including mental health evaluation,[8] does an individual have a chance of facing down the virus.

---

are recovered (which places the first recovered individual in further psychological and medical danger) to requiring six foot spacing between cohorts, to constant antiseptic cleaning of the living space. None of those caveats appeared to be addressed at PCHC. Most reports advise against housing covid patients together.

[8] It is reported that one in five individuals with covid suffer serious mental health consequences. https://www.reuters.com/article/health-coronavirus-mental-illness-int/one-in-five-covid-19-patients-develop-mental-illness-within-90-days-study-idUSKBN27P35N

WHEREFORE, Mr. ACEVEDO respectfully requests this Honorable Court to hold a hearing to alleviate the dangerous health conditions that Mr. ACEVEDO has been subjected to at PCHC, in violation of the Eighth Amendment. One potential remedy is the appointment of an independent medical expert to review the isolation situation a t PCHC to determine if all CDC Guidelines and appropriate medical standards of care are met.

Date: January 31, 2021          Respectfully submitted,

                            S/ *Michael C. Bourbeau*

                            MICHAEL C. BOURBEAU, BBO # 545908
                            80 Washington St., Bldg. K
                            Norwell, MA 02061
                            (617) 350-6565

                            Attorney for Defendant
                            RICARDO ACEVEDO

**Certificate of Service**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the above date.

                            S/ Michael C. Bourbeau

AFFIDAVIT OF ATTORNEY MICHAEL C. BOURBEAU

I, Michael C. Bourbeau, on oath, declare, depose and say that:

I am an attorney at law and a member of the bars of the State of Massachusetts and the State of California, and each and every federal district and appellate court therein, as well as the United States Supreme Court. I have been a practicing criminal defense attorney since 1979.

On September 10, 2020 I was appointed by this Honorable Court to represent Mr. Ricardo ACEVEDO pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A, Dkt. # 9. On September 15, 2020, the Court entered an Order of Voluntary Detention pending trial, Dkt. # 12.

On January 26, 2021 I received an e-mail Deputy U.S. Marshal Gary Oliveira indicating: "Plymouth County has informed me defendant: Ricardo ACEVEDO 07934-509 has tested positive for covid-19…"

On January 28, 2021 I received notice from Mr. ACEVEDO's brother that Mr. ACEVEDO was dangerously being double celled with another individual who was suffering from Covid-19. Counsel is also informed and believes that Mr. AVEVEDO's 40 year old brother, Alvin Rivera, a co-defendant, suffered from covid and had serious deadly complications that required hospitalization…a fact that brings significant fear to Mr. ACEVEDO.

On the morning of January 29, 2021 I spoke with "Marsha" from the medical unit at Plymouth who confirmed that Mr. ACEVEDO was double celled in the quarantine unit with another covid positive inmate but indicated that there was nothing wrong with that. She indicated that the nurse goes to that unit "twice a day" and that a person is moved to a hospital if necessary. She further indicated that she would get back to me regarding Mr. ACEVEDO's medical condition but has not as of this filing.

I also notified Deputy U.S. Marshal Matthew Dumas concerning what I learned from Plymouth and he indicated he

1

would look into the matter and get back to me. I have not heard back from the Marshals and therefore filing this motion.

On January 31, 2021 I spoke by Jurislink with Mr. ACEVEDO who continues to be in a medically adverse condition. He remains locked down 23 hours a day in a double bunking situation in a small cell with another individual who is also ill.  He has not seen nor talked to a doctor, only a nurse checking his temperature and finally providing tylenol for ongoing headaches.

I declare under penalty of perjury that the foregoing is true and correct. Executed this January 31, 2021 at Kingston, MA.

s/*Michael C. Bourbeau*

Michael C. Bourbeau